959 F.2d 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel Akwasi FORDJOUR, Petitioner,
v.
UNITED STATES DEPARTMENT OF JUSTICE; Executive Office of
Immigration Review; Office of the Chief
Administrative Hearing Officer; General
Dynamics Corporation, Respondents.
 No. 91-70148.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 13, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel Akwasi Fordjour petitions pro se for review of a decision by an Administrative Law Judge ("ALJ") for the Executive Office of Immigration Review dismissing Fordjour's action against General Dynamics Corporation for failure to state a claim upon which relief could be granted. Fordjour's action alleged employment discrimination based on national origin and citizenship status pursuant to 8 U.S.C. § 1324b(a)(1)(A) & (B). We have jurisdiction pursuant to 8 U.S.C. § 1324b(i)(1) and deny the petition for review.
 
 
 3
 * Background
 
 
 4
 In 1988, Fordjour was offered a position as a submarine painter at General Dynamics' Electric Boat Division ("GDEB") in Connecticut. On his application for employment, Fordjour stated that, if employed, he could provide proof of United States citizenship. At the time, GDEB was involved in a labor dispute and was recruiting replacement workers nationwide, offering a relocation package as an inducement to the new workers.
 
 
 5
 Fordjour relocated to Connecticut from California and reported to GDEB on December 12, 1988. Fordjour was not allowed to work because he could not produce proof of citizenship, a United States Navy requirement for working in the submarine area. GDEB reimbursed Fordjour's travel and other related expenses, and Fordjour returned to California. Fordjour alleges that at the time, a representative of GDEB assured him that he would not need to reapply and would be given a painting job and paid relocation expenses once he obtained proof of citizenship.
 
 
 6
 On December 30, 1988, Fordjour filed an employment discrimination claim with the Office of Special Counsel for Immigration Related Unfair Employment Practices ("OSC"). Fordjour alleges that he never received any letter of determination regarding this charge from the OSC.
 
 
 7
 In May of 1989, Fordjour received his citizenship, but alleges GDEB did not hire him when he contacted GDEB in June of 1989. In September 1989, Fordjour filed a second charge with the OSC. On January 24, 1990, the OSC declined to file a complaint with the ALJ for the Executive Office of Immigration Review, but informed Fordjour that he could file his own complaint with the ALJ within 90 days.
 
 
 8
 On April 23, 1990, Fordjour filed a complaint with the ALJ alleging employment discrimination based on national origin and on citizenship status pursuant to 8 U.S.C. § 1324b(1)(A) & (B) stemming from his denial of employment in December 1988 and in June 1989. The ALJ dismissed Fordjour's complaint finding the following: (1) the ALJ lacked jurisdiction over Fordjour's claim of discrimination based on national origin; (2) Fordjour's complaint was untimely as to the December 1988 claim of discrimination; and (3) Fordjour had failed to state a claim upon which relief could be granted as to the June 1989 claim because Fordjour had not applied for the position of painter at GDEB after obtaining his citizenship in May of 1989. Fordjour timely appeals.
 
 II
 Merits
 
 9
 First, while 8 U.S.C. § 1324b(a)(1)(A) & (B) prohibits discrimination based on national origin or citizenship status, section 1324b(a)(2)(B) exempts claims of "national origin" discrimination against entities which are covered under 42 U.S.C. § 2000e-2. See 8 U.S.C. § 1324b(a)(2)(B). Because GDEB is such an entity, Fordjour's section 1324b(a)(1)(A) claim of discrimination based on national origin must fail. See id.
 
 
 10
 Second, Fordjour's complaint was untimely as to the December 1988 claim of discrimination because he failed to file his complaint with the ALJ within the prescribed time period. See 28 C.F.R. § 44.303(c)(1) (if OSC declines to file a complaint or fails to file a complaint within 120 days, charging party may file the complaint within 90 days of the expiration of the 120-day period); 8 U.S.C. § 1324b(d)(2) (1990).[1] Moreover, Fordjour's second filing of charges with the OSC in September 1989 was untimely as to any immigration-related employment discrimination occurring in December of 1988. See 8 U.S.C. § 1324b(d)(3) ("[n]o complaint may be filed respecting any unfair immigration-related employment practice occurring more than 180 days prior to the date of the filing of the charge with the [OSC]").
 
 
 11
 Finally, it is clear from Fordjour's complaint and from the record that he did not renew his application for employment after receiving his citizenship in May of 1989. Given these circumstances, the ALJ did not err by determining that Fordjour had failed to state a claim upon which relief could be granted.
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Fordjour contends that (1) he never received a determination letter from the OSC indicating that they would not file a complaint and (2) the OSC's failure to notify him should excuse his failure to timely file a complaint with the ALJ. This contention lacks merit
 While it is unclear whether the OSC issued a letter of determination to Fordjour regarding his December 1990 charge, such a letter was not required, and the OSC's failure to send him a letter of determination does not toll the time for filing a timely complaint with the ALJ. See 28 C.F.R. § 44.303(c)(1) (if the OSC fails to issue of letter of determination within 120 days of the receipt of the charge, "the charging party ... may bring his or her complaint directly before an [ALJ] within 90 days of the end of the 120-day period"); cf. 8 U.S.C. § 1324b(d)(2) (1991) (under a 1990 amendment to section 1324b(d)(2), not in effect at the time of Fordjour's charge, the OSC is now required to notify the charging party of its determination and such notice triggers the 90-day filing period).